1  RONALD P. OINES (State Bar No. 145016)
   roines@rutan.com
2  NATALIE M. GOWIN (State Bar No. 234324)
   ngowin@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Plaintiffs MEDIEVAL TIMES USA,
   INC., MEDIEVAL TIMES GEORGIA, INC.,
7  MEDIEVAL TIMES MARYLAND, INC. and
   MEDIEVAL TIMES DINNER AND
8  TOURNAMENT TORONTO, INC.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 MEDIEVAL TIMES USA, INC.;            Case No. CV 09-2111 GHK (AGRx)
   MEDIEVAL TIMES GEORGIA, INC.;
13 MEDIEVAL TIMES MARYLAND,             **STIPULATED PROTECTIVE**
   INC.; and MEDIEVAL TIMES            **ORDER**
14 DINNER AND TOURNAMENT
   TORONTO, INC.,
15
16              Plaintiffs,

17      vs.

18 ALCATRAZ MEDIA, INC., and DOES
   1 through 10,
19
              Defendants.
20

21                     **ORDER**

22      In light of the Stipulation of the parties filed herewith, and good cause

23 appearing therefore, IT IS HEREBY ORDERED as follows:

24 **I.    DEFINITIONS**

25      The following definitions apply in this protective order:

26      A.    The designation "CONFIDENTIAL" may be applied by a party or third

27 party to any type of information which that party or non-party believes in good faith

28 constitutes, contains, reveals, or reflects proprietary or confidential financial,

1  business, technical, personnel, or related information.

2      B.    The designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

3  may be applied by a party or third party to any type of information which it believes

4  in good faith would, or might reasonably have a tendency to, cause harm to the

5  business operations of the disclosing party or provide improper advantage to others,

6  if disclosed to the public without the restrictions set forth herein.  In designating

7  information as CONFIDENTIAL – ATTORNEYS EYES ONLY, the disclosing

8  party will make such designation only as to that information that it believes in good

9  faith constitutes, contains, reveals, or reflects proprietary or confidential

10  information, including unpublished financial data, pricing or cost information, sales

11  and profit information, business plans, research and development information and

12  other such sensitive information.

13      C.    "Protected Information" refers to all information which is subject to the

14  designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES

15  ONLY" as described above, including that information produced or obtained in the

16  Georgia Action (as defined below).

17      D.    "Party" means every party to this action and every director, officer,

18  employee, and managing agent of every party to this action.

19      E.    "Non-Party" means every person or entity not a party to this action that

20  provides information, either testimonial or documentary, for use in this litigation

21  through discovery or otherwise.

22      F.    "Order" means this Protective Order.

23      G.    "Georgia Action" means the action filed in Gwinnett County entitled

24  *Alcatraz Media, Inc. v. Medieval Times Georgia, Inc., et al.,* Case No. 08 03808-7.

25  **II.    TERMS OF THE PROTECTIVE ORDER**

26      **A.    Materials Subject to Designation.**

27      All depositions, originals and copies of transcripts of depositions, exhibits,

28  answers to interrogatories, responses to requests for admissions, and all documents,

Rutan & Tucker LLP
attorneys at law

2118/018063-0019
1033211.02 a08/24/09                     -2-

[PROPOSED] STIPULATED PROTECTIVE
ORDER

materials, tangible things, and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information"), including Information produced or obtained in the Georgia Action, may be designated by the party or a third party producing the Information in conformity with the definitions set forth above.

**B.      Persons Having Access to Protected Information.**

Except as provided in Paragraphs D and E below, Protected Information that is designated as "Confidential" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party, such counsel's staff, outside support, translation vendors, jury consultants (and those working for such consultants) retained by counsel of record (provided such vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit A), court reporters transcribing testimony in the case, the parties to this action and three current employees of the respective Parties, and the Court subject to Local Rule 79-5.1.

The recipients of all Protected Information shall use such information only for the purpose of this litigation and/or for the Georgia Action, and shall not directly or indirectly use such information for any business, financial, promotional, or any other purpose.

**C.      Persons Having Access to Confidential – Attorneys Eyes Only Information.**

Except as provided in Paragraphs D and E below, Protected Information designated as "Confidential – Attorneys Eyes Only" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed to any person or entity other than counsel of record for the party responsible for this matter, such counsel's staff, outside support or

translation vendors and jury consultants (and those working for such consultants) retained by counsel of record (provided such vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit A), court reporters transcribing testimony in this case, or the Court subject to Local Rule 79-5.1.  Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, promotional, or any other purpose.

### D.   Disclosure To Experts.

Documents designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be shown to any expert, together with his or her clerical staff, who are retained by a party for the purpose of assisting with this litigation.  Before disclosure to any such expert, the person to whom such information is to be disclosed shall execute the Non-Disclosure Agreement attached hereto as Exhibit A.  The attorney of record shall maintain the record of such executed Agreements until 60 days following the final disposition of this matter. The foregoing notwithstanding, any such expert who is an employee of a competitor of any of the parties (other than one of the parties) shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," and any such expert that is an employee or agent of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY."

### E.   Requests for Additional Disclosure.

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to any person other than those permitted to have access under Paragraphs II. B, C, and D above, that counsel shall first obtain the written consent of the party who designated the Protected Information (the "designating party") through such party's counsel of record or seek leave of Court to do so.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**F.    Challenges to the Propriety of a Confidentiality Designation.**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of information as Protected Information the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.  In the event that the Court finds that the party making or opposing the motion did so in bad faith, the Court may award reasonable attorneys' fees and costs incurred to the prevailing party in any dispute involving a confidentiality designation.

**G.    Modification of Protective Order and Burden of Proof.**

The parties by written stipulation may provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.  This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not in fact Protected Information.  Upon such hearing, the party asserting Protected Information status shall have the burden of establishing same.

**H.    Manner of Designating Documents.**

       i.    Paper Media.  Paper documents produced by a party may be designated as Protected Information by marking every page with one of the following legends (as appropriate): "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

      ii.    Non-Paper Media.  Where Protected Information is produced in a non-paper media (e.g. video tape, audio tape, computer disks), the appropriate confidentiality designation as described in paragraph H(a) above should be placed on the media, if possible,

1    and its container, if any, so as to clearly give notice of the

2    designation.  To the extent that any receiving party prints any of

3    the Protected Information contained on the non-paper media,

4    such printouts will be marked as described in paragraph H(i)

5    above by the receiving party.

6    iii.    Physical Exhibits.  The confidentiality status of a physical

7    exhibit shall be indicated by placing a label on said physical

8    exhibit with the appropriate confidentiality designation as

9    described in paragraph H(i) above.

10   iv.    Original Files.  In the case of original files and records produced

11   for inspection, no marking need be made by the designating

12   party in advance of inspection.  For the purposes of inspection,

13   all documents produced shall be considered as marked

14   "CONFIDENTIAL – ATTORNEYS EYES ONLY."  Thereafter,

15   upon selection of specified documents for copying by the

16   inspecting party, the designating party shall, at the time the

17   copies are produced to the inspecting party, mark as

18   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

19   EYES ONLY" the copies of such documents that contain

20   Protected Information.

21   v.    Written Discovery Responses.  In the case of Protected

22   Information incorporated into answers to interrogatories or

23   responses to requests for admission, the appropriate

24   confidentiality designation described in paragraph H(i) above

25   shall be placed on the first page of the document and on each

26   answer or response that contains Protected Information.

27   vi.    Depositions.  Information disclosed at the deposition of a party

28   or of one of its current or former officers, directors, employees,

**Rutan & Tucker LLP**
*attorneys at law*

2118/018063-0019
1033211.02 a08/24/09

-6-

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1    agents, or independent experts retained by a party for purposes of
2    this litigation may be designated by the party as Protected
3    Information.  The Court Reporter shall designate the transcript or
4    any part thereof "CONFIDENTIAL" or "CONFIDENTIAL –
5    ATTORNEYS EYES ONLY."  If only a part of the transcript is
6    designated as Protected Information, that portion of the transcript
7    shall be separately bound and bear the appropriate designation,
8    along with any corresponding exhibits designated
9    "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS'
10   EYES ONLY."

11   **I.    Disclosure of Protected Information by Receiving Party at a**
12   **Deposition.**

13   Subject to the terms of this Order, Protected Information may be disclosed by
14   a receiving party in a deposition, to the extent that its use is necessary, only at the
15   depositions of:

16       i.    current directors, officers or employees of the designating party;
17       ii.   any person identified as a Fed. R. Civ. P 30(b)(6) witness by the
18          designating party;
19       iii.  any person employed by any affiliate company of either party or
20          employed by any non-affiliate company which has a business
21          relationship with either party, which person has prior knowledge of the
22          Protected Information or has access to such Protected Information as
23          part of his or her normal duties and responsibilities;
24       iv.   an author, addressee, or other person indicated on the face of the
25          document as a lawful recipient of the document containing Protected
26          Information;
27       v.    a person clearly identified in prior discovery or by the deponent in his
28          or her deposition as an author or recipient of the document containing

Rutan & Tucker LLP
attorneys at law

2118/018063-0019
1033211.02 a08/24/09                    -7-

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1  Protected Information (without prior disclosure of the specific
2  Protected Information);
3      vi.    an independent consultant, expert, or advisor or other person who has
4  been authorized under this Order to receive such information; or
5      vii.    any person for whom prior authorization is obtained from the
6  designating party or the Court.

7  **J.    Initial Failure to Designate Information.**

8  The initial failure of a party to designate Protected Information as
9  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in
10  accordance with this Order shall not preclude any party, at a later date, from so
11  designating the documents or testimony and to require such documents or testimony
12  to be treated in accordance with such designation from that time forward.  If such
13  Protected Information has previously been disclosed to persons no longer qualified
14  after such designation, the disclosing party shall take reasonable efforts to obtain all
15  such previously disclosed Protected Information, advise such persons of the claim of
16  confidentiality, and have such persons execute the Non-Disclosure Agreement
17  attached hereto as Exhibit A.  Disclosure of the information prior to its designation
18  as Protected Information is not a violation of this Order.

19  **K.    Inadvertent Production of Privileged Information.**

20  If a producing party inadvertently discloses to a receiving party information
21  that is privileged, said producing party shall promptly upon discovery of such
22  disclosure so advise the receiving party in writing and request that the item(s) of
23  information be returned, and no party to this action shall thereafter assert that such
24  disclosure waived any privilege.  It is further agreed that the receiving party will
25  return such inadvertently produced item(s) of information and all copies thereof
26  within ten (10) days of receiving a written request for the return of such item(s) of
27  information.

28  **L.    Filing Documents with the Court.**

Rutan & Tucker LLP
attorneys at law

2118/018063-0019
1033211.02 a08/24/09

-8-

[PROPOSED] STIPULATED PROTECTIVE ORDER

All information designated as Protected Information sought to be filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in accordance with Local Rule 79-5.1 and/or Local Rule 79-5.4, if applicable, and the orders and procedures of the Judge and Magistrate Judge assigned to this case, along with an application to the Court or, where applicable, a stipulation, requesting such Protected Information be filed under seal.  In addition, for information required to be redacted pursuant to Rule 79.5.4 and General Order 08-02, Section IV(E) through (G).  Any redaction shall not simply utilize an electronic redaction method (e.g. Adobe Acrobat) without re-scanning the document to ensure against any disclosure of the information.  For example, the party desiring to use the Adobe Acrobat redaction tool, shall redact the information, print the document(s) out, and rescan the document to make sure that an unauthorized person cannot discover the information by removing the redaction electronically.

In the event that the Court denies an application or stipulation to file under seal on the merits thereof because the Court has determined that the subject information, in whole or in part, is not entitled to confidential treatment, the subject information, as re-designated in whole or in part, shall no longer be entitled to any confidential treatment and need not be filed under seal but may be filed and used in like manner as any document that is not subject to a confidential designation.

**M.    No Effect on Party's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Information designated and produced by it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

**N.    No Effect on Rendering Legal Advice.**

Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course

1  thereof, from relying upon his or her examination or knowledge of Protected
2  Information; provided, however, that in rendering such advice and in otherwise
3  communicating with his or her client, such attorney shall not disclose the contents of
4  any Protected Information produced by another party herein to any person who is
5  not authorized to receive such information under the provisions of this Order.

6      **O.**    **No Effect on Disclosure to Author or Addressees.**
7          Nothing contained in this Order shall affect the right of a party to disclose any
8  Protected Information designated as "CONFIDENTIAL" or "CONFIDENTIAL –
9  ATTORNEYS EYES ONLY" to the author or addressees of the document.

10     **P.**    **No Applicability to Independently Obtained or Public Information.**
11         No party shall be bound by this Order as to any information:
12     i.    that is lawfully obtained independent of this litigation; or
13     ii.   that is generally known to the public, provided that such information
14           was not obtained or made public in violation of this or any other
15           obligation of confidentiality.

16     **Q.**    **Use of Protected Information at Trial.**
17         Protected Information used at trial will become public absent a separate court
18  order upon written motion and sufficient cause shown.

19     **R.**    **Final Disposition of Action.**
20         Within 60 days upon the final disposition of this action and exhaustion of all
21  appellate rights by all parties, each counsel of record shall promptly return to
22  counsel of record for the designating party all Protected Information and all copies
23  made thereof, or at the designating party's option the receiving party can destroy all
24  such documents.  Notwithstanding the foregoing, each counsel of record shall be
25  permitted to retain one copy of all pleadings submitted to the Court, deposition
26  transcripts and exhibits thereto, and attorney notes, irrespective of whether they
27  contain Protected Information, but such attorney shall not disclose such material
28  without further Order of this Court.

Rutan & Tucker LLP
attorneys at law

[PROPOSED] STIPULATED PROTECTIVE
ORDER

2118/018063-0019
1033211.02 a08/24/09

1   **S.      Effect on Discovery.**

2        This Order shall not preclude or limit the right of any party to oppose

3   discovery on any ground which would otherwise be available.

4   **T.      Survival of Terms.**

5        Absent written modification of this Order by the parties or further order of the

6   Court, the provisions of this Order that restrict the disclosure and use of Protected

7   Information shall survive the final disposition of this action and continue to be

8   binding on all persons subject to the terms of this Order.

9        **IT IS SO ORDERED.**

10

11  Dated: August 31, 2009

12  _____

          United States Magistrate Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2118/018063-0019
1033211.02 a08/24/09

-11-

[PROPOSED] STIPULATED PROTECTIVE
ORDER